IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0123-10






CHRIS JOSHUA MEADOUX, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Meyers, J., filed a dissenting opinion in which Johnson, J., joined.


DISSENTING OPINION 




 When the Supreme Court said, in Roper v. Simmons, 543 U.S. 551 (2005), that the
Eighth Amendment forbids the execution of anyone under the age of 18, Texas commuted
the sentences of juveniles on death row to life in prison. Shortly thereafter, the
Legislature amended the Capital Felony section of the Penal Code and instituted life
without parole for offenses committed on or after September 1, 2005. However, effective
September 1, 2009, the Legislature added a provision to that section stating that juveniles
found guilty of a capital felony shall receive a life sentence rather than life without parole.
See Tex. Penal Code § 12.31(a). Because Appellant's offense occurred in 2007, he is
stuck in the period between the commutation of death sentences to life that occurred in
2005 and the Texas Legislature's decision to prohibit life without parole for offenses
committed by juveniles on or after September 1, 2009. This is similar to what occurred
after Penry v. Lynaugh, 492 U.S. 302 (1989) (Penry I), where the Supreme Court held
that the jury instructions at the punishment hearing did not provide for consideration of
mitigating evidence, but the Texas Legislature did not add the mitigation special issue to
Code of Criminal Procedure Article 37.071 until 1993. In that situation, we allowed new
punishment hearings, with the proper instructions, for those whose trial occurred between
Penry I's 1989 holding that the jury did not have an adequate vehicle to give effect to
mitigating evidence and the Legislature's 1993 change to the statute. Here we should
conclude that juveniles who were sentenced to life without parole between 2005 and 2009
should be given a new punishment hearing.

 Considering that juveniles who were previously on death row, who were found by
a jury to be a future danger, and who were sentenced to death had their sentences
commuted and now have a chance of parole, it's ridiculous to say that a juvenile who was
not even eligible for the death penalty should have received a sentence of life without
parole. The fact that Texas commuted the sentences of juveniles on death row to life,
rather than life without parole, and that our Legislature subsequently determined that life
without parole is inappropriate for juvenile offenders indicates that the sentence in
Appellant's case is unreasonably harsh. Therefore, I respectfully dissent.


 Meyers, J.


Filed: November 17, 2010

Publish